1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   WEISHENG YE,                             Case No.  16-cv-02183-DMR

              Plaintiff,

8                                            **ORDER RE: PLAINTIFF'S RESPONSE;**
                                             **EXTENDING DEADLINE TO FILE**
9         v.                                 **SECOND AMENDED COMPLAINT**

10  UNIVERSITY OF CALIFORNIA, SAN            Re: Dkt. No. 9
    FRANCISCO,

11            Defendant.

12        On July 1, 2016, the court issued an order granting Plaintiff Weisheng Ye's application to

13  proceed *in forma pauperis* and dismissing the complaint with leave to amend by July 18, 2016.[1]

14  July 1, 2016 Order [Docket No. 8].  Plaintiff brought this action against the University of

15  California, San Francisco ("UCSF" or "Defendant") pursuant to Title VII of the Civil Rights Act

16  of 1964 for employment discrimination.   The court dismissed Plaintiff's claims because they

17  appeared to be untimely.  Plaintiff brought this suit pursuant to Title VII of the Civil Rights Act of

18  1964 for employment discrimination.  He alleged that Defendant failed to employ him, violated

19  the labor law, engaged in sexual harassment, covered up harassment, and retaliated against him.

20  First Amended Complaint ("FAC") [Docket No. 6] at ¶¶ 4-5.  The court construed Plaintiff's FAC

21  as alleging claims for sexual harassment and retaliation under Title VII.

22

23  [1] A magistrate judge generally must obtain the consent of the parties to enter dispositive rulings
    and judgments in a civil case.  *See* 28 U.S.C. § 636(c)(1).   The Plaintiff has consented to
    magistrate judge jurisdiction. [Docket No. 7.]  However, in cases such as this one, where the
24  plaintiff has consented but not served the defendant, "all parties have consented pursuant to 28
    U.S.C. § 636(c)(1)," and a magistrate judge therefore "'may conduct any or all proceedings in a
25  jury or nonjury civil matter and order the entry of judgment in the case.'"  *Gaddy v. McDonald*,
    No. CV 11-08271 SS, 2011 WL 5515505, at *1 n.2 (C.D. Cal. Nov. 9, 2011) (quoting § 636(c)(1))
26  (citing *United States v. Real Property*, 135 F.3d 1312, 1317 (9th Cir. 1995)); *Third World Media,
    LLC v. Doe*, No. C 10-04470 LB, 2011 WL 4344160, at *3 (N.D. Cal. Sept. 15, 2011)); *see also*
27  *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir.1995) (holding that magistrate judge had jurisdiction
    to dismiss action as frivolous without consent of defendants because defendants had not yet been
28  served and therefore were not parties).

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Title VII requires a plaintiff to timely file an administrative charge with the Equal

2   Employment Opportunity Commission ("EEOC") or a state agency before instituting a lawsuit.

3   *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002), *as amended* (Feb. 20, 2002); 42

4   U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(d).  Under Title VII, a plaintiff must file an EEOC charge

5   within 180 days or within 300 days after the alleged unlawful employment practice occurred if

6   Plaintiff "initially instituted proceedings with a State or local agency with authority to grant or

7   seek relief from [an unlawful employment] practice."  42 U.S.C. § 2000e-5(e)(1).

8    In his FAC, Plaintiff alleged that the discriminatory conduct that is the basis for his Title

9   VII claim occurred on or between July 31, 2014 and November 15, 2014, and he did not file an

10  administrative charge of discrimination until September 18, 2015, more than 300 days after the

11  allegedly unlawful employment practice occurred.  FAC at ¶¶ 7, 8.  The court determined that,

12  based on Plaintiff's FAC, all of the conduct that was the basis of his claim occurred outside the

13  statutory limitations period.

14   On July 18, 2016, Plaintiff filed a document entitled "In Response to Judge's Order for

15  Amended Complaint."  Plaintiff's Response [Docket No. 9.]  In this document, Plaintiff states that

16  he worked with the UCSF program coordinator from January 2015 to August 2015.  *Id.* at ¶ 1.  He

17  also states that in July 2015, a staff member in the Business Account Unit, either at UCSF or the

18  City of San Francisco's job assistance program, brought him to a room where he was chided by

19  that individual's supervisor that his reports of harassment were not true.  *Id.* at ¶ 4.

20   From Plaintiff's Response, the court cannot determine whether the conduct Plaintiff

21  complains of from January 2015 to August 2015 was presented to the EEOC or a California state

22  agency prior to the filing of this lawsuit.  Although Plaintiff included his notice of his right to sue

23  with his original complaint, he did not provide a copy of the charge he submitted to the EEOC, nor

24  does he explain what conduct was presented in his EEOC charge.  EEOC Dismissal and Notice of

25  Rights [Docket No. 1 at 4]; Plaintiff's Response at ¶ 5.  Nor can the court determine whether the

26  conduct that Plaintiff complains of from January 2015 to August 2015 is attributable to Defendant

27  UCSF, or whether the more recent conduct he complains of is based on actions by the City of San

28  Francisco's job assistance program.  *See* Plaintiff's Response at ¶ 4.

United States District Court
Northern District of California

1    Rule 8(a) of the Federal Rules of Civil Procedure states that "[a] pleading which sets forth

2  a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the

3  pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Plaintiff's July 18, 2016 response fails to do so.

4    Plaintiff's First Amended Complaint, has been dismissed in its entirety.   July 1, 2016

5  Order at 7.  Although Plaintiff did not file a Second Amended Complaint by July 18, 2016, the

6  court has reviewed Plaintiff's Response, and it appears that Plaintiff may be able to allege facts

7  supporting a Title VII claim.

8    The court reminds Plaintiff that he should not rely on his prior pleadings in order to make

9  his Second Amended Complaint complete.  This is because an amended complaint supersedes the

10 original complaint.  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).  If

11 Plaintiff wishes to file a Second Amended Complaint, he shall clearly articulate his claims for

12 relief and the all the facts supporting his claims in a single document entitled "**Second Amended**

13 **Complaint**."  The court hereby extends the Plaintiff's deadline to file a Second Amended

14 Complaint from July 18, 2016 to **August 8, 2016**.  Failure to file a timely amended complaint may

15 result in a dismissal without prejudice for failure to prosecute the case.

16    The court refers Plaintiff to the section "Representing Yourself" on the Court's website,

17 located at http://cand.uscourts.gov/proselitigants, as well as the Court's Legal Help Centers for

18 unrepresented parties.  In San Francisco, the Legal Help Center is located on the 15th Floor, Room

19 2796, of the United States Courthouse, 450 Golden Gate Avenue, San Francisco.  In Oakland, the

20 Legal Help Center is located on the 4th Floor, Room 470S, of the United States Courthouse, 1301

21 Clay Street, Oakland.

22    The court extends Plaintiff's deadline to file a Second Amended Complaint to **August 8,**

23 **2016.**  Failure to file an amended complaint by August 8, 2016 may result in this action being

24 dismissed for failure to prosecute.

25    **IT IS SO ORDERED**.

26 Dated: July 25, 2016

27    _____
   DONNA M. RYU
28   United States Magistrate Judge

3

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WEISHENG YE,<br><br>            Plaintiff,<br><br>     v.<br><br>UNIVERSITY OF CALIFORNIA, SAN FRANCISCO,<br><br>            Defendant. | Case No.  4:16-cv-02183-DMR<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 25, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Weisheng  Ye
1 McCarthy Ave.
San Francisco, CA 94134

Dated: July 25, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Ivy Lerma Garcia, Deputy Clerk to the
Honorable DONNA M. RYU

4